# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM H. HENDERSON<br>Last Post Publishing<br>1120 Forest Avenue PMB 274<br>Pacific Grove, CA 93950<br><br>　　　Plaintiff<br><br>　　　v.<br><br>OFFICE OF THE DIRECTOR<br>OF NATIONAL INTELLIGENCE<br>Washington, D.C. 20511<br><br><br>OFFICE OF PERSONNEL<br>MANAGEMENT<br>Washington, D.C. 20505<br><br>　　　Defendants. | * * * * * * * * * * * * * * * * * * * * * | Civil Action No. 15-00103 |

\* * * * * * * * * * * *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records memorializing the revised Federal Investigative Standards issued in December 2012. The records were improperly withheld from plaintiff William H. Henderson by the defendants Office of the Director of National Intelligence and the Office of Personnel Management.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff William H. Henderson ("Henderson") is the President of the Federal Clearance Assistance Service, LLC, a personnel security consulting firm. He previously has worked as a Security Consultant and Author, as well as working as a Federal employee for 21 years conducting – among other things – national security clearance investigations.

4. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Henderson that are the subject of this action.

5. Defendant Office of Personnel Management ("OPM") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Henderson that are the subject of this action.

**FACTUAL BACKGROUND**

6. In accordance with several Executive Orders and Federal regulations, namely Executive Order 13467 (2008) and Executive Order 12968 (1995), the Federal Investigative Standards ("FIS") are established for investigations evaluating – among other things – eligibility for access to classified information. The FIS delineate in considerable detail the scope of the five investigative tiers to which the FIS apply, as well as the methodologies to be employed in conducting inquiries under each particular investigative tier.

7. In December 2012, a revised FIS was formally approved. Upon information and belief, the revised FIS will be implemented throughout the U.S. Government (albeit in stages) by approximately 2016. The revised FIS will supersede the prior version of the FIS. The revised FIS apply to all individuals working for or on behalf of the Executive Branch of the U.S. Government.

## COUNT ONE

8. By e-mail dated July 31, 2013, Henderson submitted a FOIA request to OPM for a "copy of the revised Federal Investigative Standards with all enclosures and attachments." Henderson noted that the document was signed in December 2012 by the Security and Suitability Executive Agents (James Clapper and John Berry), was cited on page 34 of the OPM Federal Investigative Services' "Annual Stakeholder Report for Fiscal Year 2012", and concerns standards for background investigations conducted by the U.S. Government for federal employment suitability/fitness and security clearance.

9. By letter dated September 13, 2013, OPM acknowledged receipt of Henderson's request and assigned it tracking number 2013-22275. OPM stated that the information sought by Henderson was exempt from disclosure under FOIA Exemption (b)(7)(E). The letter noted that Henderson retained the right to appeal this denial to the OPM Office of the General Counsel ("OGC").

10. By letter dated October 4, 2013, Henderson timely submitted to OPM OGC his administrative appeal of OPM's denial of his FOIA request. In his appeal, Henderson argued that FOIA Exemption (b)(7)(E) was not applicable, as the revised FIS pertain to personnel security investigations, not law enforcement investigations. Henderson further noted that previous versions of the FIS had been made publicly accessible.

11. By letter dated December 26, 2013, OPM OGC remanded Henderson's appeal to OPM's Federal Investigative Services, "with instructions to conduct a line-by-line review of the Revised Federal Investigative Standards, and release any non-exempt portions of the standards to you after consulting with the Office of the Director of National Intelligence (ODNI)."

12. By letter dated April 1, 2014, OPM released a redacted copy of the revised FIS to Henderson. This copy contained extensive redactions made in reliance upon FOIA Exemptions (b)(6) and (b)(7)(E).

13. By letter dated April 16, 2014, Henderson timely filed an administrative appeal to OPM OGC. In his appeal, Henderson explained that the "core" of the revised FIS had essentially been redacted in the copy that had been released to him. Furthermore, he noted that in his original request he had requested all enclosures and attachments to the revised FIS. Appendix A (Expandable Focused Investigation Models) was not included in OPM's April 1, 2014, release and no explanation was provided for the basis for withholding that document.

14. By e-mail dated July 17, 2014, OPM OGC notified Henderson that his appeal was being worked on and that OPM hoped to "get a decision to you shortly."

15. By e-mail dated August 4, 2014, OPM OGC notified Henderson that OPM was consulting with the Office of the Director of National Intelligence ("ODNI") regarding the response to Henderson's appeal.

16. By e-mail dated September 4, 2014, OPM OGC informed Henderson that it hoped to have a decision on his appeal that month.

17. By e-mail dated October 3, 2014, OPM OGC stated that ongoing consultations, as well as "anticipated coordination with ODNI", had delayed resolution of Henderson's appeal. OPM indicated it would "hopefully" have a response that month.

18. By e-mail dated December 4, 2014, OPM OGC informed Henderson that the agency was still working on his appeal and that it had nothing further to disclose.

19. As twenty working days have elapsed without a determination by OPM concerning Henderson's appeal, he has therefore constructively exhausted all required administrative remedies.

20. Henderson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by OPM of said right.

## **COUNT TWO**

21. By e-mail dated July 31, 2013, Henderson submitted a FOIA request to ODNI for a "copy of the revised Federal Investigative Standards with all enclosures and attachments." Henderson noted that the document was signed in December 2012 and concerned standards for background investigations conducted by the Government for federal employment suitability/fitness and security clearance.

22. By letter dated August 12, 2013, ODNI acknowledged receipt of Henderson's request and assigned it Request No. DF-2013-00172. In the letter, ODNI indicated that since it would be unable to provide a response within the 20 working days stipulated by the FOIA, Henderson had the right to consider the letter as a denial and appeal to ODNI, Information Management Office ("IMO"), within 45 days of the date of the letter.

23. By letter dated September 24, 2013, Henderson timely filed his administrative appeal to the ODNI IMO.

24. By letter dated September 23, 2013, but which Henderson did not receive until after the submission of his administrative appeal, ODNI informed Henderson that a "thorough search of our records and databases located one document responsive to your request." ODNI indicated that this one responsive document was identical to that which OPM had identified and withheld in full. The letter subsequently indicated that ODNI was administratively closing Henderson's request.

25. Henderson retained the statutory right to administratively appeal ODNI's withholding determination. The decision by ODNI to administratively close the request without affording Henderson that right violated the FOIA and deprived him of the ability to further exhaust his administrative remedies. Henderson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by ODNI of said right.

WHEREFORE, plaintiff William H. Henderson prays that this Court:

(1) Orders the defendants to disclose the requested records in their entirety and make copies promptly available to him;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   January 21, 2015

                    Respectfully submitted,

                    /s/
                  _____
                  Bradley P. Moss, Esq.
                  D.C. Bar #975905
                  Mark S. Zaid, Esq.
                  D.C. Bar #440532
                  Mark S. Zaid, P.C.
                  1250 Connecticut Avenue, N.W.
                  Suite 200
                  Washington, D.C. 20036
                  (202) 454-2809
                  (202) 330-5610 fax
                  Brad@MarkZaid.com
                  Mark@MarkZaid.com

                  Attorneys for Plaintiff